Merrimack, }
Jan. 4, 1910. }

WIGGIN, *Adm'r*, *v.* BOSTON & MAINE RAILROAD.

CASE, for negligently causing the death of Carrie E. Wiggin, while she was driving with a horse and wagon over a level crossing. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1908, of the superior court by *Chamberlin, J.,* on the defendants' exceptions to the denial of their motion for a nonsuit and to other rulings made at the trial.

*Martin & Howe* (*Mr. Howe* orally), for the plaintiff.

*Mitchell, Foster & Lake* and *Stephen S. Jewett* (*Mr. Mitchell* orally), for the defendants.

PEASLEE, J. The question between the parties to this litigation is merely of the extent to which the evidence went in showing what the decedent thought and did. She was killed in a collision with a train at a level crossing. There was a flagman, but his position was such as to be an invitation to cross. The deceased nearly ran upon him as he stood on the crossing; and from this it is argued that she did not see him and could not have relied upon the invitation. But there is also evidence that her view of him was unobstructed, that she was looking straight ahead, and that it was her habit to look for and rely upon the flagman. From this evidence it could be found that when she looked she saw, and what she saw she acted upon. The fact that she did not turn out of the traveled path to avoid running upon the flagman is not conclusive evidence that she did not see him. He stepped aside in season to avoid being struck, and it may well have been that she thought he would do so.

If it is conceded that she heard the approach of the train, the fact is not necessarily fatal to the plaintiff's case. She then knew that a train was coming; but as her view of it was obstructed, and the flagman's position told her the train was not dangerously near, she might reasonably rely upon the conduct of the man whose duty it was to regulate the passage of highway travelers over the crossing.

The other exceptions have not been argued and are apparently abandoned.

*Exceptions overruled.*

All concurred.